IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America

    v.                              Case No. 2:17-cr-158-1

Deandre Forrest

ORDER

    The defendant has moved in limine to exclude from evidence certain photographs of the defendant and a banner which was hung at a birthday party given for the defendant.  Defendant argues that the photographs are not relevant to the case, and that they are prejudicial because they would suggest to the jury defendant's cultural differences, as demonstrated by his mode of dress and hairstyle.  In response, the government indicates that it does not intend to introduce the photographs labeled as Defendant's Exhibits 1 and 5.  The government does plan to introduce the remaining photographs, which were posted by defendant on social media sites, and the banner.

    Under Fed. R. Evid. 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401(a) and (b). Under Fed. R. Evid. 403, the court may exclude evidence of its probative value is substantially outweighed by a danger of, among other things, unfair prejudice, confusing the issues, or misleading the jury.

    The government argues that the photographs are relevant because it anticipates that defendant will deny any connection to the residence located at 1197 South 22nd Street, Columbus, Ohio, where guns in close proximity to drugs, cash, and other drug paraphernalia were seized during a search warrant executed on June

15, 2017. The government seeks to use the photographs and the banner to show that defendant either lived at the residence or routinely used it as a drug house.

The court agrees that the photographs make it more probable that the defendant lived at or used the residence, and therefore had possession of the drugs and guns found at the residence. This evidence is particularly relevant to the conspiracy alleged in Count 1 and the gun charge alleged in Count 8. According to the government, Exhibit 2 shows defendant posing in front of a blue truck. The government alleges that this same truck was parked outside the residence during drug sales made by the defendant at the residence, as described in Counts 3 and 4. The photograph would corroborate witness testimony concerning defendant's presence at the residence during the course of the conspiracy. Exhibits 4 and 7 show defendant wearing the brown sneakers and red high-top sneakers which were allegedly seized from a bedroom in the residence. These photographs would serve to connect defendant to this physical evidence found at the residence, and make it more likely that defendant lived at or was using the residence. Exhibit 6 shows defendant in front of a classic white sedan. The government indicates that witnesses will testify that defendant drove this vehicle during the conspiracy, and that the photograph would corroborate their testimony.

The birthday party banner includes a photograph of this white car. In addition, the banner was apparently a keepsake from a birthday party which had occurred five or six years previously. The fact that the banner was found at the residence makes it more probable that defendant was living at the residence or at least had

some control over the residence, as he would not be likely to store such a keepsake at a place to which he had no connection.

The court finds that there is nothing unfairly prejudicial about the photographs and banner, nor is the probative value of this evidence outweighed by any danger of confusing the issues or misleading the jury.

The government indicates that Exhibit 3 shows the defendant on a motorcycle behind the residence where the search was conducted, and that the photograph is relevant to show defendant's connection to the building. There is nothing prejudicial about the photograph. However, not much of the residence is visible in the photograph. Therefore, the court will reserve ruling on the admissibility of this photograph. The court may admit the photograph if a witness identifies the building in the photograph as being the residence in question. In accordance with the foregoing, the motion in limine is denied as to Exhibits 2, 4, 6, 7 and 8. The court will reserve final ruling on the admissibility of Exhibit 3.

Date: December 8, 2017            s/James L. Graham
                                       James L. Graham
                                       United States District Judge