```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

United States of America

    v.                            Case No. 2:17-cr-158-1

Deandre Forrest

## OPINION AND ORDER

Defendant was convicted of drug offenses and one count of possessing a firearm in furtherance of a drug-trafficking crime. On June 18, 2018, defendant was sentenced to a term of incarceration of one hundred and twenty months on Counts 1 through 6, to run concurrently, and a term of incarceration of sixty months on Count 8, to run consecutively. This matter is now before the court on defendant's motion for compassionate release from prison under 18 U.S.C. §3582(c)(1)(A) in light of the COVID-19 epidemic. The government has filed a response in opposition to the motion, arguing that defendant has not shown that he has exhausted his administrative remedies as required under §3582(c)(1)(A).

Before a defendant can file a motion for a reduction in sentence for "extraordinary and compelling reasons" under §3582(c)(1)(A)(i), the defendant must first ask the warden to file a motion for a reduction of sentence on that ground on his behalf. If that request is denied by the warden within thirty days, defendant must exhaust all administrative appeals before filing a motion in district court. If, on the other hand, the defendant presents his request to the warden and receives no response within thirty days, he may then file a motion in the district court. See United States v. Daniels, No. 4:08-CR-0464-SLB, 2020 WL 1938973 at *2-3 (N.D. Ala. Apr. 22, 2020); Guzman v. United States, No. 2:10-CR-161, 2019 WL 1966106, at *2 (E.D.Tenn. May 2, 2019). The

exhaustion requirement contained in §3582(c)(1)(A) is jurisdictional and cannot be waived, even due to emergencies such as the COVID-19 pandemic. See, e.g., United States v. Raia, ___ F.3d ___, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020); United States v. Dickson, No. 1:19-cr-251-17, 2020 WL 1904058, at *2-3 (N.D. Ohio Apr. 17, 2020); United States v. Alam, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020). See also Ross v. Blake, 136 S. Ct. 1850, 1857 (2016)(mandatory language of Prison Litigation Reform Act's exhaustion requirement could not be excused, even based on special circumstances).

The defendant claims that he exhausted his administrative remedies. However, the only documents he has submitted with his motion concern requests that he made to be considered for release on home confinement under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). Under 18 U.S.C. §3624(c)(2), the BOP has the authority to place a prisoner in home confinement at the end of a sentence of imprisonment for the shorter of ten percent of the term of imprisonment or six months. Under the CARES Act, the director of the BOP has the discretion to lengthen the maximum home confinement placement otherwise permitted under §3624(c) during the covered emergency period. See CARES Act, Pub.L. 116-136, Div. B., Title II, §12003(b)(2). The Bureau of Prisons, not this court, has the exclusive authority to designate the place of a defendant's imprisonment. See 18 U.S.C. §3621(b). Only the BOP has the authority to place a defendant on home confinement under §3624(c) and the CARES Act. See Daniels, 2020 WL 1938973 at *1-2; United States v. Serfass, No. 3:15-39, 2020 WL 1874126, at *3 (M.D. Pa. Apr. 15, 2020).

Defendant has not shown that he asked the warden to file a motion on his behalf for compassionate release under §3582(c)(1)(A)(i) based on extraordinary and compelling circumstances. Defendant's motion for compassionate release is denied without prejudice due to his failure to exhaust administrative remedies.

Date: May 6, 2020                    S/James L. Graham
                                     James L. Graham
                                     United States District Judge