# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DEANDRE FORREST,**

    **Petitioner,**

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**CASE NO. 2:20-CV-00775**
**CRIM. NO. 2:17-CR-00158**
**JUDGE JAMES L. GRAHAM**
**Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

On April 16, 2021, the Magistrate Judge issued a Report and Recommendation recommending that Claims One, Two, and Three of the Motion to Vacate (Doc. 152) under 28 U.S.C. § 2255 be dismissed. (Doc. 192.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (Doc. 200.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. This review included a later motion to vacate (Doc. 178) which provided additional arguments concerning the claims advanced in Doc. 152. For the reasons that follow, Petitioner's Objection (Doc. 200) is **OVERRULED**. The Report and Recommendation (Doc. 192) is **ADOPTED** and **AFFIRMED**. Claims One, Two, and Three of the Motion to Vacate under 28 U.S.C. § 2255 are hereby **DISMISSED.**

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his convictions after a jury trial on one count of conspiracy to distribute and to possess with intent to distribute 280 grams or more of cocaine base; three counts of distribution of cocaine; two counts of distribution of 280 grams or more of cocaine base; and one count of possession of firearms in furtherance of a drug trafficking crime. He asserts a violation of the Fourth Amendment (claim one); that he was denied the effective assistance of

counsel (claim two); and that his convictions violate due process (claim three). After conducting an evidentiary hearing on Petitioner's claim that his attorney unconstitutionally conceded guilt on certain charges, the Magistrate Judge recommended dismissal of these claims on the merits. Petitioner objects.

Petitioner objects to the recommended dismissal of his Fourth Amendment claim. Although he previously withdrew this claim (*Reply*, Doc. 165, PAGEID # 1471) and raised it solely in the context of the ineffective assistance of counsel, Petitioner now argues that he lacked an opportunity for full and fair litigation of the issue due to the ineffective assistance of counsel. Petitioner insists that the affidavit supporting the search warrant fails because a digital signature indicates that Detective Gauthney prepared it on July 22, 2015 regarding illegal acts that occurred in June 2017 and Petitioner has been unable to verify that the warrant was properly recorded. Petitioner also objects to the recommended dismissal of his claims of ineffective assistance of counsel. Petitioner denies that he agreed with the defense strategy of conceding guilt to Counts 2, 3, and 4, and argues that the testimony of his former defense attorney to the contrary was inconsistent or not believable. Petitioner requests a new evidentiary hearing on these issues before a different Magistrate Judge.

Fourth Amendment claims do not provide a basis for federal habeas corpus relief so long as the petitioner had a "full and fair opportunity" to raise the issue in the state courts, and "presentation of the claim was not thwarted by any failure of the state's corrective processes." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (citing *Stone v. Powell*, 428 U.S. 465, 494–95 (1976)). The record does not reflect such circumstances here. However, the issue may be addressed in the context of Petitioner's claim of ineffective assistance of counsel. *See Ray v. United States*, 721 F.3d 758, 762 (6th Cir. 2013) (citing *Kimmelman v. Morrison*, 477 U.S.365,

382–83 (1996) ("[W]e reject petitioners' argument that *Stone's* restriction on federal habeas review of Fourth Amendment claims should be extended to Sixth Amendment ineffective-assistance-of-counsel claims which are founded primarily on incompetent representation with respect to a Fourth Amendment issue."). To prevail on such a claim, the Petitioner must "prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Id.* (citing *Kimmelman*, 477 U.S. at 375). Petitioner has failed to do so here. The record indicates that the search warrant and affidavit in support were signed and filed in June 2017. (Doc. 157-3, PAGEID # 1403-08; *Affidavit in Support of Warrant to Search*, Doc. 178-1, PAGEID # 1570). It reflects no potentially viable basis for the filing of a motion to suppress.

The record likewise fails to support Petitioner's claim that he did not know about and did not agree to the defense strategy of conceding guilt on Counts 2, 3, and 4. The government had overwhelming evidence of Petitioner's guilt on those charges, which carried a less serious penalty than the remaining charges against him, on which Petitioner had a viable defense. Jail records indicate that defense counsel met with the Petitioner no less than eighteen times prior to trial. Further, the Petitioner had notice, at the latest, during opening statement that his attorney would be admitting to Petitioner's guilt on Counts 2, 3 and 4. (*Transcript*, Doc. 110, PAGEID # 629). Yet Petitioner never expressed his opposition to this defense strategy throughout the trial. Thus, the record fails to reflect grounds for application of the structural error rule under *McCoy v. Louisiana*, -- U.S. --, --, 138 S. Ct. 1500 (2018). *See United States v. Felicianosoto*, 934 F.3d 783, 786-87 (8th Cir. 2019); *Pennebaker v. Rewerts*, No. 17-12196, 2020 WL 4284060, at *4 (E.D. Mich. July 27, 2020) (distinguishing *McCoy* from *Nixon*). Petitioner also has failed to

establish the ineffective assistance of counsel under the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984).

For the foregoing reasons and for the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (Doc. 200) is **OVERRULED**. The Report and Recommendation (Doc. 192) is **ADOPTED AND AFFIRMED**. Claims One, Two, and Three of the Motion to Vacate under 28 U.S.C. § 2255 hereby are **DISMISSED.**

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 576 U.S.1071, ——, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal). A state prisoner incarcerated pursuant to a state conviction who seeks habeas relief under § 2241 likewise must obtain a certificate of appealability. *See Settle v. Parris*, No. 20-5734, 2020 WL 7706393, at *2 (6th Cir. Nov. 12, 2020) (citing *Greene v. Tenn. Dep't of Corr*., 265 F.3d 369, 370 (6th Cir. 2001)).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been

denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of this action. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED.**

    **IT IS SO ORDERED**.

Date: July 8, 2021          _____s/James L. Graham_____
                                                  **JAMES L. GRAHAM**
                                                  **UNITED STATES DISTRICT JUDGE**