**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DEANDRE FORREST,**

    **Petitioner,**

    v.

**UNITED STATES OF AMERICA,**

    **Respondent.**

**CASE NO. 2:20-CV-00775
CRIM. NO. 2:17-CR-00158
JUDGE JAMES L. GRAHAM
Magistrate Judge Kimberly A. Jolson**

**REPORT AND RECOMMENDATION**

This matter is before the Court on Petitioner's December 17, 2020, Second Supplemental Brief, which the Court construes as a request to amend the Motion to Vacate under 28 U.S.C. § 2255 (Doc. 182), Respondent's Response in Opposition (Doc. 193), Petitioner's Reply (Doc. 201), and the exhibits of the parties. For the reasons that follow, it is **RECOMMENDED** that Petitioner's motion to amend (Doc. 182) be **DENIED** and that this action be **DISMISSED**.

**I. BACKGROUND**

In June 2018, a jury convicted Petitioner on one count of conspiracy to distribute and to possess with intent to distribute 280 grams or more of cocaine base; three counts of distribution of cocaine; two counts of distribution of 280 grams or more of cocaine base; and one count of possession of firearms in furtherance of a drug trafficking crime. (*Amended Judgment*, Doc. 105). Petitioner sought relief from the United States Court of Appeals for the Sixth Circuit. But, on February 15, 2019, the Sixth Circuit affirmed Petitioner's convictions and sentence. *United States v. Forrest*, 763 F. App'x 466, 468-69 (6th Cir. 2019). Petitioner returned to this Court and filed a Motion to Vacate under 28 U.S.C. § 2255 on February 10, 2019. In his initial filing, he asserted that he had been denied the effective assistance of counsel, that his convictions violated the Fourth

Amendment, and that he had been denied due process due to procedural errors and the "accumulation of error." (*Motion to Vacate*, Doc. 152, PAGEID # 1351). On July 8, 2021, the Court issued an Opinion and Order dismissing those claims. (Doc. 202). In the meantime, however, on December 17, 2020, Petitioner filed a Second Supplemental Brief, raising seven additional grounds for relief, which the Court therefore construes as a request to amend the § 2255 motion under Rule 15 of the Federal Rules of Civil Procedure. (Doc. 182). Specifically, Petitioner requests to amend his § 2255 motion to claim that the Court lacked subject-matter jurisdiction because charges were filed by the "United States of America" rather than the "United States," and he was denied the effective assistance of counsel when his attorney failed to object (claim one); that the government violated Federal Criminal Rules, the doctrine of separation of powers, and Petitioner's due process rights in the issuance of grand jury subpoenas, thereby depriving the Court of jurisdiction (claim two); that the arrest and search warrants violated Federal Criminal Rules and the Oath and Affirmation Clause of the Fourth Amendment (claim three); that the Indictment improperly failed to indicate that the firearm had a "smooth bore" (claim four); that Petitioner was denied the right to challenge the grand jury (claim five); that the government unlawfully placed Petitioner under electronic surveillance (claim six); and that Petitioner was denied the effective assistance of counsel at sentencing (claim seven). It is the Respondent's position that these claims are time-barred and otherwise without merit.

## II.  STATUTE OF LIMITATIONS

As a threshold matter, the Court must consider whether Petitioner's request to amend is time-barred. A one-year statute of limitations applies to the filing of a Motion to Vacate under 28 U.S.C. § 2255. The statute provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Applied here, Petitioner's sentence became final in May 2019, ninety days after the Sixth Circuit's February 15, 2019, dismissal of the appeal, when the time period expired to file a petition for a writ of *certiorari* to the United States Supreme Court. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426-27 (6th Cir. 2004) (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)). The statute of limitations expired one-year later, on May 21, 2020. Yet Petitioner waited more than six months, until December 2020, to file the Second Supplemental Motion to Vacate under 28 U.S.C. § 2255 raising new additional new grounds for relief. (Doc. 182).

### III. DISCUSSION

Attempts to raise new claims under Rule 15(c) are subject to this one-year statute of limitations. *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). Consequently, a Rule 15(c) motion filed after the one-year deadline will be denied unless the proposed amendments relate back to the date of the original pleading. *Id.* Claims that "assert[ ] a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth" do not relate back to the date of the original pleading pursuant to Rule 15(c). *Id.* (quoting *Mayle v. Felix,* 545 U.S. 644, 662 (2005)). Only claims that are tied by "a common core of operative facts" to those raised in the initial and timely filed § 2255 motion may be raised in an amended motion to vacate. *Purnell v. United States*, No. 2:07-cv-1050, 2009 WL 1605402, at *3 (S.D. Ohio June

3

4, 2009) (quoting *Mayle*, 545 U.S. at 662-63). "It is not sufficient that the amendments to a § 2255 motion 'simply . . . relate to the same trial, conviction, or sentence as a timely filed claim.'" *United States v. Smith*, Nos. 12-cr-20095, 15-cv-13814, 2017 WL 491837, at *2 (E.D. Mich. Jan. 8, 2016) (citing *Mayle*, 545 U.S. at 662). "Amendments that seek to add new legal theories or present new claims based on different factual underpinnings are not permitted." *Id*. For example, new claims of ineffective assistance of counsel do not relate back to timely filed claims of ineffective assistance of counsel where the new claims are based on different sets of facts. *See Arrick v. United States*, Nos. 2:16-cv-00531, 2:14-cr-108(1), 2016 WL 5858945, at *3 (S.D. Ohio Oct. 7, 2016) (citations omitted).

Petitioner's proposed new claims do not relate back to his initial and timely filed claims. Petitioner's proposed new claims one through five challenge the jurisdiction of the District Court. The other claims challenge the government's purported use of electronic surveillance and his attorney's performance at sentencing. Petitioner raised no similar issues in his timely filed § 2255 motion. There, as discussed, he asserted that law enforcement violated the Fourth Amendment when they searched his home, that his attorney performed in a constitutionally ineffective manner during plea negotiations and by failing to file a motion to suppress evidence and conceding his guilt during trial, and that he was denied the effective assistance of appellate counsel. Plainly, these claims do not arise from the same "common core of operative facts" as Petitioner's new proposed time-barred claims.

## IV. DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that Petitioner's motion to amend (Doc. 182) be **DENIED** and that this action be **DISMISSED**.

4

## **PROCEDURE ON OBJECTIONS**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date: August 11, 2021

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE