IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DEANDRE FORREST,**

      Petitioner,

  v.

**UNITED STATES OF AMERICA,**

      Respondent.

Case No. 2:20-cv-775
Crim No. 2:17-cr-158

Judge James L. Graham
Magistrate Judge Kimberly A. Jolson

## ORDER

On August 11, 2021, Magistrate Judge Jolson issued a Report and Recommendation (ECF No. 204) recommending that Petitioner Deandre Forrest's Second Supplemental Brief (ECF No. 182), which the Court construes as a Motion to Amend his Motion to Vacate under 28 U.S.C. § 2255, be denied and that this action be dismissed. Magistrate Judge Jolson's review included Respondent's Response in Opposition (ECF No. 193), Petitioner's Reply (ECF No. 201), and the exhibits of the parties. Petitioner filed a Motion to Vacate Void Order and Judgment (ECF No. 212), which the Court construes as an Objection to the Report and Recommendation. For the reasons that follow, Petitioner's Objection (ECF No. 212) is **OVERRULED**. The Report and Recommendation (ECF No. 204) is **ADOPTED**, Petitioner's Motion to Amend is **DENIED**, and this action is **DISMISSED**.

    **I.**    **BACKGROUND**

In 2018, a jury convicted Petitioner on one count of conspiracy to distribute and to possess with intent to distribute 280 grams or more of cocaine base; three counts of distribution of cocaine; two counts of distribution of 280 grams or more of cocaine base; and one count of possession of firearms in furtherance of a drug trafficking crime. (Am. Judgment, ECF No. 105.)

"[O]n February 15, 2019, the Sixth Circuit affirmed Petitioner's convictions and sentence." (ECF No. 204, PAGEID 1802, citing *United States v. Forrest*, 763 F. App'x 466, 468-69 (6th Cir. 2019).) Petitioner's sentence became final on May 16, 2019, which was ninety days after the Sixth Circuit's February 15, 2019 dismissal of the appeal and when the time period to file a petition for a writ of *certiorari* to the United States Supreme Court expired. *Sanchez-Castellano v. United States,* 358 F.3d 424, 426-27 (6th Cir. 2004) (citing *Clay v. United States,* 537 U.S. 522, 532 (2003)). Therefore, the applicable one-year statute of limitations date to file a § 2255 motion was in May 2020. *See* 28 U.S.C. § 2255(f).

On February 10, 2020, Petitioner timely filed a Motion to Vacate (ECF No. 152) challenging his convictions by claiming a violation of the Fourth Amendment, that he was denied the effective assistance of counsel, and that his convictions violate due process. After conducting an evidentiary hearing on Petitioner's claim that his attorney unconstitutionally conceded guilt on certain charges, Magistrate Judge Jolson recommended dismissal of all three of Petitioner's claims on the merits. (ECF No. 192.) On July 8, 2021, the Court issued an Opinion and Order adopting and affirming Magistrate Judge Jolson's Report and Recommendation and dismissing Petitioner's three claims. (Order, ECF No. 202.)

On December 17, 2020, Petitioner filed a Second Supplemental Brief in support of his initial Motion to Vacate, "raising seven additional grounds for relief, which the Court therefore construe[d] as a request to amend the § 2255 motion under Rule 15 of the Federal Rules of Civil Procedure." (ECF No. 204, PageID 1803.) Petitioner seeks to amend his § 2255 motion to claim that the Court lacked subject-matter jurisdiction because charges were filed by the "United States of America" rather than the "United States," and he was denied the effective assistance of counsel when his attorney failed to object (Claim One); that the government violated Federal Criminal

Rules, the doctrine of separation of powers, and Petitioner's due process rights in the issuance of grand jury subpoenas, thereby depriving the Court of jurisdiction (Claim Two); that the arrest and search warrants violated Federal Criminal Rules and the Oath and Affirmation Clause of the Fourth Amendment (Claim Three); that the Indictment improperly failed to indicate that the firearm had a "smooth bore" (Claim Four); that Petitioner was denied the right to challenge the grand jury (Claim Five); that the government unlawfully placed Petitioner under electronic surveillance (Claim Six); and that Petitioner was denied the effective assistance of counsel at sentencing (Claim Seven).  It is Respondent's position that these claims are time-barred and otherwise meritless.

After reviewing Petitioner's Motion to Amend, Respondent's Response in Opposition, Petitioner's Reply, and the exhibits of the parties, Magistrate Judge Jolson concluded that Petitioner's new claims were time-barred, as he waited more than six months after the May 2020 one-year statute of limitations deadline to file his second motion raising additional grounds for relief, and that denial was further warranted, because none of Petitioner's new claims related back to the original claims alleged in Petitioner's initial Motion to Vacate.  Petitioner subsequently filed an Objection to the Report and Recommendation stating that Magistrate Judge Jolson's recommendation was improper, because issues challenging the court's subject-matter jurisdiction may be raised at any time. (ECF No. 212.)

## II.     STANDARD OF REVIEW

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  As required by 28

U.S.C. § 636(b)(1)(C), the Court will make a *de novo* review of those portions of the Report and Recommendation to which Plaintiff specifically objects.

### III. DISCUSSION

Petitioner's sole objection is that dismissal based on statute of limitations grounds is inappropriate because his amended claims challenged the Court's subject-matter jurisdiction, and the issue of the Court's subject-matter jurisdiction may be raised at any time. (Obj., ECF No. 212, PageID 1827, citing *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005).) While Petitioner is correct that challenges to subject-matter jurisdiction may be raised at any point during the proceedings, his objection is unavailing for several reasons.

First, only one of the seven additional claims (Claim One) directly challenged the Court's jurisdiction. Even so, Petitioner's argument that this Court lacks subject-matter jurisdiction over the offenses in this case because "the government did not file charges in the name of the real party in Interest because the charges were filed in the name 'United States of America' rather than 'United States'" is facially dubious. Moreover, the legal authority he cites to, *Downes v. Bidwell*, 182 U.S. 244, 263 (1901) states that the case "may be considered as establishing the principle that, in dealing with foreign sovereignties, the term 'United States' has a broader meaning than when used in the Constitution, and includes all territories subject to the jurisdiction of the Federal government, wherever located." This statement does not support Petitioner's argument that the "United States" rather than the "United States of America" is the real party in interest in this case, and that this somehow deprives this Court of subject-matter jurisdiction. Thus, even if the challenge to jurisdiction is timely, it is meritless, and Petitioner's objection is overruled.

Although Petitioner also argues in Claims Two through Five that the Court "lacked subject-matter jurisdiction," he bases these assertions on allegations such as the government's violation of

4

the Federal Criminal Rules, the doctrine of separation of powers, and the violation of Petitioner's due process rights, which resulted in this Court's lack of subject-matter jurisdiction (Claim Two); that the arrest and search warrants violated the Federal Criminal Rules and the Oath and Affirmation Clause of the Fourth Amendment, which caused this Court to lack jurisdiction (Claim Three); that because Petitioner, as an ex-felon, lost his right to contract or enter into agreements, this Court lacked jurisdiction over any conspiracy offenses (Claim Four); or that Petitioner was denied the right to challenge the grand jury, and the Court lacked subject-matter jurisdiction as a result (Claim Five).  None of these arguments provide any basis to directly challenge the Court's subject-matter jurisdiction under 18 U.S.C. § 3231, which provides federal district courts exclusive original jurisdiction over "all offenses against the laws of the United States."  As Petitioner was charged with offenses against the United States, this Court had subject-matter jurisdiction in this case.  *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citing *United States v. Williams*, 341 U.S. 58, 65-66 (1951)).  Therefore, Petitioner's subject-matter jurisdiction objection as it pertains to these claims is also overruled.

Additionally, the second portion of Claim One raises a claim of ineffective assistance of counsel in failing to object to the allegedly defective charging document (ECF No. 182, PageID 1597.)  Unlike a challenge to jurisdiction, a challenge to counsel's effectiveness is subject to the one-year statute of limitations in 28 U.S.C. § 2255.  Thus, that portion of Claim One is time-barred, and Petitioner fails to address in his Objections how that portion of Claim One relates back to his original filing.  Similarly, Petitioner fails to explain how Claims Two through Seven relate back to his original filing, and moreover, does not object to that portion of Magistrate Judge Jolson's Report and Recommendation.  Thus, there is no overcoming the time bar as to Claims Two through Seven.

## IV. CONCLUSION

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Jolson's Report and Recommendation (ECF No. 204), Petitioner's Objections thereto (ECF No. 212) are **OVERRULED**, and Petitioner's Motion to Amend his Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 182) is **DENIED**.  As Claims One, Two, and Three of Petitioner's initial Motion to Vacate under 28 U.S.C. § 2255 were dismissed, and Petitioner's Motion to Amend that motion is denied, this action is hereby **DISMISSED**.

Judgment shall enter in favor of Respondent and against Petitioner.  Because reasonable jurists would not disagree with the assessment that Petitioner has not made a substantial showing of the denial of a constitutional right, Petitioner shall not be granted a certificate of appealability. The Court certifies that any appeal would be objectively frivolous, and that Petitioner should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

/s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: December 3, 2021